## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | * | |
| **NATALYA HAMPEL,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | Civil No. SAG-22-1115 |
| | * | |
| **DEBOROH SKILLMAN,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Natalya Hampel, who is self-represented, filed this lawsuit against a series of defendants challenging her involuntary admission, medical and psychiatric care, and guardianship. Each of the Defendants has filed a motion to dismiss, arguing among other contentions that this Court lacks subject matter jurisdiction. ECF 35, 36, 39, 41.  Despite receiving a notice explaining the potential consequences of a failure to respond to the dispositive motions, Plaintiff has not filed any oppositions. No hearing is necessary to resolve these motions.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons that follow, the motions to dismiss will be granted and the case will be dismissed without prejudice to Plaintiff's ability to continue pursuing her claims in the state courts.

### I.     Factual Background

The following facts are derived from Plaintiff's Complaint. Plaintiff has "been fighting in the Circuit Court for Harford County for [her] freedom and [her] property" for almost four years. ECF 1 at 1.  She alleges that she has "been taken into custody by the State of Maryland, put in a state approved private prison and treated like a slave." *Id.* at 2.  In May, 2018, she was placed under guardianship and placed in a hospital in Havre de Grace, Maryland. *Id.* at 3.  In December, 2018, her guardian, Emily Korgut of the State Aging Department, placed her in an assisted living

facility in Joppa, Maryland. *Id.* at 4.  At that facility, a physician, Dr. Volera, signed papers stating

that Plaintiff was able to care for herself and her property. *Id.* at 5. Nevertheless, a state court judge

denied Plaintiff's petition for release.  *Id.*

Under guardianship, Plaintiff's pensions go to the state. *Id.* at 6. She received a letter saying

there is a PNC bank account with $6,000.00 in her name, but her guardian refuses to spend the

money at her direction. *Id.* at 6-7.  Plaintiff has again asked the state courts for relief, to no avail.

*Id.* at 7-8.

## II.    Legal Standards and Analysis

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to

less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(citation omitted).  "However, liberal construction does not absolve Plaintiff from pleading a

plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014),

*aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No.

DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are

involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*

526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant.  *See*

*Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d

387, 391 (4th Cir. 1990).  Therefore, the court cannot "conjure up questions never squarely

presented," or fashion claims for a plaintiff because she is self-represented.  *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199,

203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district

court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

Federal courts are courts of limited jurisdiction and are only permitted to hear cases under particularized circumstances.  First, federal diversity jurisdiction statute allows federal courts to exercise original jurisdiction over civil actions between "citizens of different States" "where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs[.]"  28 U.S.C. § 1332.  Diversity jurisdiction requires complete diversity, "which means that no plaintiff may share a citizenship with any defendant." *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020).  Here, Plaintiff is a Maryland citizen, and at least one of the defendants is a Maryland agency, so there is no complete diversity of citizenship. Therefore, this Court cannot exercise diversity jurisdiction.

The other option is federal question jurisdiction.  However, Plaintiff's claims pertain to the validity of her guardianship and are not brought under the "Constitution, laws, or treaties of the United States[.]" 28 U.S.C. § 1331.  While Plaintiff's Complaint makes cursory reference to the Thirteenth Amendment, that amendment does not provide an independent legal cause of action. *See, e.g., Byrd v. Local Union No. 24, Int. Bro. of Electrical Workers,* 375 F. Supp. 545, 552 (D. Md. 1974). Plaintiff has not alleged any other plausible federal cause of action. Instead, she appears to wish to relitigate the issues already decided by the state courts. This Court lacks subject matter jurisdiction to engage in that undertaking.  Any appeal of the state court rulings must proceed in state court.

### III.    Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss, ECF 35, 36, 39, 41, are granted without prejudice and this case will be closed.   A separate Order follows.

Dated:  January 5, 2023

_____/s/_____

Stephanie A. Gallagher
United States District Judge